O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE T. TURNER,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>TRAVIS ALATORRE<br><br>　　　　　Defendant.<br>_____ | Case No.  2:13-CV-05279 CAS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND / OR A PRELIMINARY INJUNCTION |

## I.   INTRODUCTION & BACKGROUND

On July 31, 2013, plaintiff Tyrone T. Turner, a pro se inmate currently incarcerated at California State Prison, Los Angeles County, filed a civil rights action against Correctional Officer Travis Alatorre. Dkt. 4. Plaintiff's complaint alleges a single claim for excessive force in violation of the Eighth Amendment. Id. The gravamen of plaintiff's claim is that, following an incident in which plaintiff allegedly committed a battery against defendant Alatorre and another correctional officer, defendant Alatorre kicked and punched plaintiff in his face while plaintiff was lying prone on the ground with both hands behind his back.  Id.

Plaintiff filed the instant motion for a temporary restraining order ("TRO") or a preliminary injunction on November 20, 2014. Dkt. 30. In brief, plaintiff requests an order prohibiting defendant Alatorre from being assigned to, or performing any duties within, the administrative segregation unit ("ASU") in which plaintiff is currently housed. Plaintiff is being prosecuted for the alleged battery against defendant Alatorre, discussed above, and plaintiff has in his possession various legal documents related to both this criminal prosecution and the instant civil action. According to plaintiff, if defendant Alatorre is assigned to the ASU where plaintiff is housed, Alatorre will be responsible for searching inmates' cells and will have access to plaintiff's legal materials when plaintiff is required to leave his cell. Plaintiff contends that this potential access will cause him to suffer irreparable harm.

## II.   LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n. 7 (9th Cir.2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009); see also Cal Pharms. Ass'n v. Maxwell–Jolly, 563 F.3d 847, 849 (9th Cir.2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir.2011). A "serious

question" is one on which the movant "has a fair chance of success on the merits." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir.1984).

### III. ANALYSIS

The Court finds that plaintiff's request for a TRO should be denied. As a preliminary matter, it does not appear from the face of the ex parte TRO application that plaintiff attempted to give defendant or his counsel actual notice of when and where the ex parte application was to be made. Pursuant to Federal Rule of Civil Procedure 65(b), in order for a court to issue a TRO without notice to the opposing party, plaintiff must "certif[y] in writing any efforts made to give notice [to the opposing party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Procedural requirements aside, the Court lacks jurisdiction to provide plaintiff with the relief he seeks. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). To prevent defendant Alatorre from being assigned to plaintiff's ASU, this Court would be required to issue an injunction against the Warden of the facility in which plaintiff is currently incarcerated—i.e., the person with the authority to control defendant's work assignments. Because the Warden is not a party to this action, the Court cannot issue such an injunction. See, e.g., Johnson v. Dovey, 2012 WL 2196119, at *3 (E.D. Cal. June 14, 2012) (finding lack of jurisdiction to issue preliminary injunction requiring non-party warden at plaintiff's current place of incarceration to provide plaintiff with law library access).

Further, plaintiff's request for relief implicates his housing placement. As a general matter, decisions regarding housing placement within state prisons "are not the business of federal judges." Meachum v. Fano, 427 U.S. 215, 229 (1976).

In any event, plaintiff's request for provisional injunctive relief is not related to the excessive force claim presented in this action. "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997); see also Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); Harris Const. Co. v. Tulare Local Healthcare Dist., 2013 WL 6576034, at *3 (E.D. Cal. Dec. 13, 2013) (following Kaimowitz and Omega World Travel). Here, plaintiff's underlying complaint asserts a claim for excessive force against defendant Alatorre. However, plaintiff seeks a preliminary injunction to prevent Alatorre from having access to plaintiff's legal papers—not to prevent the use of excessive force by Alatorre. Because the harm plaintiff seeks to prevent through a preliminary injunction "is not of the same character" as the harm plaintiff alleges in his complaint, the Court cannot issue a preliminary injunction.

## IV.  CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion for a temporary restraining order or a preliminary injunction.

Dated:  November 25, 2014

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE